959 F.2d 1101
 295 U.S.App.D.C. 97
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
INDIANA GAS COMPANY, INC., Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Panhandle Eastern Pipe Line Company, Citizens Gas & Coke
Utility, Southeastern Michigan Gas Company, Intervenors.
 No. 91-1267.
 United States Court of Appeals, District of Columbia Circuit.
 April 9, 1992.
 
 1
 Before SILBERMAN, BUCKLEY and SENTELLE, Circuit Judges
 
 JUDGMENT
 PER CURIAM
 
 2
 This cause came on to be heard on a petition for review of an order of the Federal Energy Regulatory Commission, and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). On consideration thereof, it is
 
 
 3
 ORDERED and ADJUDGED, by this Court, that the case be remanded to the Commission. Indiana Gas sought rehearing of FERC's orders accepting the challenged tariff filings because they allegedly "violate[d] the prohibition on retroactive ratemaking and the filed rate doctrine." FERC's order denying the request for rehearing was a lengthy exegesis on the seemingly tangential question whether "take-or-pay costs being passed through by Panhandle represent past losses from a prior period." Panhandle Eastern Pipeline Co., Docket No. TM91-7-28-000, 55 FERC p 61,029 (1991). With respect to the precise challenges raised by Indiana Gas, FERC's order said only that acceptance of the tariffs was appropriate "where Panhandle is tracking costs pursuant to a cost of service provision of its tariff." Id.
 
 
 4
 In its briefs, FERC has sought to explain that acceptance of the challenged tariffs did not violate the prohibition on retroactive ratemaking or the filed rate doctrine, because section 2.3 of the contracts between Indiana Gas and Panhandle explicitly authorized retroactive adjustments to the rates charged to Indiana Gas when the suppliers of the storage service to Panhandle altered their rates. According to FERC's counsel, that section of the contracts, coupled with FERC's prior interpretations of it, put Indiana Gas on notice that Panhandle's costs for the storage service could be passed through and made effective on dates prior to the dates on which new tariffs were actually filed. Under the line of cases beginning with City of Piqua v. FERC, 610 F.2d 950 (D.C.Cir.1979), FERC contends that such pass-throughs are "functionally prospective" and therefore lawful. Columbia Gas Transmission Corp. v. FERC, 895 F.2d 791, 796 (D.C.Cir.1990).
 
 
 5
 In this the Commission's counsel may well be correct. But we cannot affirm FERC's order, because the order itself does not set forth sufficient reasoning to be reviewable. See Algonquin Gas Transmission Co. v. FERC, 948 F.2d 1305, 1316 (D.C.Cir.1991). The order never cites the provision of the contract on which it purports to rely; it never explains why that provision should be read to authorize the collection of rate adjustments prior to the filing dates; and it never alludes to or cites any of its prior constructions of that provision. Nor does it explain in any other way why the tariff filings do not violate the filed rate doctrine. Furthermore, the order treated only one of the four sources of rate adjustment about which Indiana Gas complained in its request for rehearing. FERC's order was so plainly inadequate that we cannot imagine why FERC's counsel did not simply ask for a remand when the petition for judicial review was filed. We resent the consequent needless expenditure of effort on this case. It is
 
 
 6
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.